# EXHIBIT "1"

Case 3:17-cv-02972-G   Document 1-3   Filed 10/27/17   Page 2 of 7   PageID 11

FILED
DALLAS COUNTY
8/30/2017 4:56 PM
FELICIA PITRE
DISTRICT CLERK

Stephanie Clark

CAUSE NO. DC-17-11192

| | | |
|---|---|---|
| MAUREEN JURY, MICHAEL JURY, DAN CLEARY, and VORTEX TEXAS PARTNERS, LLC | § § § § § | IN THE DISTRICT COURT OF |
| Plaintiffs, | § § | |
| v. | § § | DALLAS COUNTY, TEXAS |
| WFG NATIONAL TITLE INSURANCE COMPANY and MILLENNIUM CLOSING SERVICES LLC, | § § § § § | |
| Defendants. | § | _____ JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME Plaintiffs Maureen Jury, Michael Jury, Dan Cleary, and Vortex Texas Partners, LLC (collectively, "Plaintiffs") and files this their Original Petition Defendants WFG National Title Insurance Company and Millennium Closing Services, LLC (hereinafter collectively referred to as "Defendants"), and for cause of action shows the Court as follows:

### I.
### DISCOVERY CONTROL PLAN AND AMOUNT IN CONTROVERSY

1. Plaintiff intends to conduct discovery under a Level 3 plan as established by Texas Rule of Civil Procedure 190.4.

2. As required by Rule 47 of the Texas Rules of Civil Procedure, Plaintiffs plead for monetary relief of less than $100,000 and non-monetary relief.

## II.
## PARTIES

3. Plaintiff Maureen Jury, Michael Jury, and Dan Cleary (the "individual Plaintiffs") are Texas residents.

4. Plaintiff Vortex Texas Partners, LLC ("Plaintiff Vortex") is a Texas limited liability company.

5. Defendant WFG National Title Insurance Company ("Defendant WFG") is a company existing under the laws of South Carolina and may be served with process by serving its registered agent, _____.

6. Defendant Millennium Closing Services, LLC ("Defendant Millennium") is a Texas limited liability company which may be served by serving THE Special Deputy Receiver, Cantilo & Bennett, LLP, 11201 Century Oaks Terrace, Suite 300, Austin, Texas 78758.

## III.
## JURISDICTION AND VENUE

7. Jurisdiction is proper in this Court because the amount in controversy is within the jurisdictional limits of this Court. Jurisdiction is proper over Defendants because each conducts business in Texas.

8. This county is the proper venue for this suit because all or a substantial part of the events giving rise to these claims occurred in Dallas County, Texas. *See* TEX. CIV. PRAC. REM. CODE ANN. § 15.002 (Vernon 2016).

## IV.
## FACTS APPLICABLE TO ALL CAUSES OF ACTION

9. Plaintiff are in the business of investing in, renovating, and selling real estate properties. The first property identified was 6931 Royal Lane in Dallas, Texas (the "property"). The individual Plaintiffs signed a contract of sale regarding the property and Defendant Millennium,

as agent for the underwriter Defendant WFG, issued a title insurance commitment to the individual Plaintiffs. The individual Plaintiff thereafter formed Plaintiff Vortex, and later assigned the contract of sale to Plaintiff Vortex. The individual Plaintiff eventually paid Defendant Millennium its fee for the title policy. The transaction involving the property closed, and Defendant Millennium distributed the funds and filed the deeds.

10. Shortly after the closing of the transaction involving the property, Defendant Millennium was placed into receivership by the Texas Department of Insurance.

11. Plaintiffs began work renovating the property and prepared the property for sale. When Plaintiffs received an offer to purchase the property in October 2016, they soon realized for the first time that the title policy for which they had paid Defendants had never been issued. Plaintiffs reached out to Defendant WFG regarding the title policy. Plaintiffs offered to do whatever was necessary to clear up any remaining title issues, but Defendant WFG nevertheless refused to issue the title policy for which they were paid.

## V.
## CAUSES OF ACTION

### A.   Breach of Contract

12. Plaintiffs reallege the allegations set out in the preceding paragraphs. Plaintiffs pleads for recovery under a theory of breach of contract. Defendants, pursuant to the title policy commitment with Plaintiffs, agreed to issue a title policy to Plaintiffs. Defendants breached the contract in that they failed to issue the title policy for which they were paid. Further, all conditions precedent to the contract have been performed or have occurred. As a result of Defendants' actions, Plaintiffs suffered actual and consequential damages for which they seek recovery in this lawsuit, including the right to seek specific performance.

**B.     Quantum Meruit**

13.    Plaintiffs reallege the allegations set out in the preceding paragraphs. Plaintiffs paid Defendants their requested and agreed upon fee for a title policy. Defendants accepted the fee under reasonable notice that Plaintiffs expected a title policy, which was never issued. As a result of Defendants' actions, Plaintiffs suffered actual and consequential damages for which they seek recovery in this lawsuit, including the right to seek specific performance.

**C.     Promissory Estoppel**

14.    Plaintiffs reallege the allegations set out in the preceding paragraphs. Defendants promised to issue a title policy to Plaintiffs upon payment of the requested fee. Plaintiffs reasonably relied on said promise to their detriment, which was foreseeable by Defendants. Injustice can only be avoided by enforcing Defendants' promise to pay.

**D.     DTPA**

15.    Plaintiffs reallege the allegations set out in the preceding paragraphs. Plaintiffs assert a cause of action under the Texas Deceptive Trade Practices Act ("the Act"). Plaintiffs are consumers under the Act. The Defendants are persons who can be sued under the Act. Defendants committed false, misleading, or deceptive acts or practices upon which Plaintiffs relied to their detriment, including but not limited to:

   a. Causing confusion or misunderstanding about the source, sponsorship, approval, or certification of services;

   b. Causing confusion or misunderstanding about affiliation, connection, or association with, or certification by, another;

   c. Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits or quantities they do not have;

  d. Representing that an agreement confers or involves rights, remedies, or obligations that it does not, or that are prohibited by law; and

  e. Misrepresenting the authority of a salesman, representative, or agent to negotiate the final terms of a consumer transaction.

Defendants have also committed an unconscionable action or course of action. Defendants' actions as outlined above were a producing cause of Plaintiffs' damages. Plaintiffs seek to recover its economic damages, which should be trebled based upon Defendants knowing or intentional violation of the Act.

**E. Attorney's Fees**

16. In addition, Plaintiffs also have the right to recover attorney's fees from Defendants pursuant to the provisions of Chapter 38 of the Texas Civil Practice & Remedies Code as well as the Act. Plaintiffs seek a recovery of all attorney's fees, litigation expenses and costs which (1) he has incurred in the prosecution of this action and the entry of a judgment herein, (2) for any actions taken before this Court after judgment has been entered, (3) for any appeals taken from the judgment of this Court whether to the Court of Appeals or the Supreme Court, and (4) for the recovery of all attorney's fees necessarily incurred in the collection of the judgment of the Court, once said judgment becomes final, if Plaintiffs are required to enforce the terms and provisions of same.

**VI.**
**PRAYER**

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs pray that Defendants be cited to appear and answer and the Court, upon notice and a hearing award actual, consequential, and special damages, including specific performance, established at trial, pre- and post-judgment interest at the highest lawful rate, reasonable and necessary attorneys' fees incurred herein, all

costs of court, and such other and further relief, general or special, at law or in equity, to which Plaintiffs may be justly entitled.

                Respectfully submitted,

                **BRADY & BRADY, P.L.L.C.**

        By:    /s/ Douglas W. Brady
                Douglas W. Brady
                State Bar No. 02841770
                6440 N. Central Expressway
                Suite 610
                Dallas, Texas 75206
                Telephone:  (214) 744-2780
                Facsimile:   (214) 744-2786
                DougBrady@BradyBradyLaw.com
                ATTORNEYS FOR PLAINTIFF